STEPHEN E. AND ROLLANDE J. SWIFT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swift v. Commissioner
Docket No. 6941-80.
United States Tax Court
T.C. Memo 1981-713; 1981 Tax Ct. Memo LEXIS 32; 43 T.C.M. (CCH) 113; 33 Fed. R. Serv. 2d (Callaghan) 476; T.C.M. (RIA) 81713; December 17, 1981. *32 Held: Judgment of default entered against petitioners on remaining contested issue for failure to comply with an Order requiring full and adequate responses to respondent's discovery requests. Rule 104(c)(3). Stephen E. Swift, pro se. Marc J. Winter, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency of $ 5,727 in petitioners' Federal income tax for 1976 and an addition to tax under section 6653(a) [1] in the amount of $ 286. Petitioners were residents of Lake Forest, California, at the time of the filing of the petition in this case. *33 After an unsuccessful attempt at informal discovery, on May 1, 1981, respondent sent to petitioners a request for admissions pursuant to Rule 90, [2] written interrogatories pursuant to Rule 71 and a request for production of documents and things pursuant to Rule 72. On June 1, 1981, petitioners submitted their unsigned handwritten responses to respondent's request for admissions, interrogatories and request for production of documents and things and their objections to respondent's request for admissions. On July 1, 1981, respondent filed a Motion for order compelling petitioners to respond to respondent's interrogatories and request for production of documents and things, or for order imposing sanctions under Rule 104 and a Motion to review sufficiency of petitioner's answers and objections to respondent's request for admissions or for an order imposing sanctions under Rule 90(f). These motions were heard in Washington, D.C. on August 5, 1981. This matter is before the Court to review the sufficiency of petitioners' compliance with our Order of August 7, 1981, directing *34 petitioners to submit full and adequate responses to respondent's interrogatories and request for admissions and to comply with respondent's request for production of documents and things all on or before August 26, 1981. Upon failure to comply with our Order petitioners were directed to show cause at the call of the calendar for the Los Angeles trial session beginning September 14, 1981, why judgment by default should not be rendered against them as to any issues which are the subject of respondent's discovery requests. A hearing to review the sufficiency of petitioners' compliance with our Order was held in Los Angeles, California, on September 21, 1981. After concessions by the parties, as set forth in the stipulation of facts filed with the Court on September 21, 1981, the sole remaining issue in dispute is whether petitioners are entitled to a charitable contribution deduction under section 170(a)(1) in the amount of $ 10,765. Respondent disallowed the deduction on the basis that it had not been established that the amount was contributed by petitioners to a qualified charitable organization. At the hearing on September 21, 1981, counsel for respondent represented to the *35 Court that petitioners had submitted no further information to him relative to his discovery requests since the Court's Order was entered on August 7, 1981. Mr. Swift appeared at the hearing and stated that he had provided to respondent all the documents in his possession relative to his alleged charitable contribution to the Universal Life Church, Inc. He further stated that respondent should direct his requests for information and documents to that organization at its headquarters in Modesto, California. Mr. Swift represented to the Court that the parent organization is in possession of all the records relating to a "congregation" which he headed in 1976 and that it refuses to return the records to him for use in this proceeding. Petitioners' unsupported claim regarding his attempts to retrieve his records is unconvincing. [3] In addition, we note that much of the information requested by respondent's interrogatories and request for admissions concerning Mr. Swift's organization of and relationship to his former "congregation" is within his personal knowledge. The rules of this Court are clear that petitioners must provide such information. Rules 71(b) and 90(c). *36 Rule 104(c) provides in pertinent part: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rules 71 [Interrogatories], 72 [Production of Documents and Things], * * * or 90 [Requests for Admissions], the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, * * * or rendering a judgment by default against the disobedient party. Because petitioners have refused to comply with the rules of this Court and our Order of August 7, 1981, directing petitioners to properly respond to respondent's discovery request, a judgment of default will be entered against the petitioners on the remaining contested issue and this case dismissed. [4]
*37 Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
2. All references to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
3. Apparently Mr. Swift terminated his association with the Universal Life Church, Inc. 6-8 months prior to this hearing and at that time mailed all the business records of his "congregation" to the organization's headquarters. We note that these records were transferred out of petitioners' control well after the notice of deficiency was issued.↩
4. Petitioners protest our denial of their "day in court." We can only respond by commenting that a taxpayer who seeks a hearing of his dispute with the Commissioner before this Court must comply with our rules. Petitioners have continually refused to cooperate with respondent's reasonable discovery requests in derogation of both our rules and our specific Order. Such attempts by taxpayers to substitute their own rules for the conduct of litigation in this Court only results in a waste of limited judicial resources. Therefore, petitioners' protestations fall upon unsympathetic ears.↩